[No. 6352.]

## McPhail v. Delaney.

**Statutes Construed**—The statute (Mills' Stats., sec. 210, Rev. Stats., sec. 244) providing that all sheriffs, jailers, etc., having custody of any prisoner, shall .admit any practicing attorney whom the prisoner may desire to consult, to see and consult with the imprisoned party in private, and, refusing, shall pay a specified sum "to the person aggrieved," it is the prisoner and not the attorney who is aggrieved. The prisoner alone is entitled to the action.—(413)

*Error to Denver District Court*—Hon. CARLTON M. BLISS, Judge.

Mr. DUNCAN McPHAIL, plaintiff in error, *pro se.*

Mr. H. A. LINDSLEY, and Mr. F. W. SANBORN, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Sec. 210, Mills' Ann. Stats., provides as follows:

"All public officers, sheriffs, coroners, jailers, constables, or other officers or persons, having in custody any person committed, imprisoned, or restrained of his liberty, for any alleged cause whatever, shall, except in cases of immediate danger of escape, admit any practicing attorney at law in this state whom such person restrained of his liberty may desire to see or consult, to see and consult such person so imprisoned, alone and in private, at the jail or other place of custody; any officer violating this provision shall forfeit and pay one hundred dollars to the person aggrieved, to be recovered by action of debt in any court of competent jurisdiction."

Counting on this section for a cause of action, plaintiff, a practicing attorney, brought suit against Michael Delaney, then chief of police of the city of Denver, averring the latter's refusal to allow him to see and consult one Sernado Callanan, then held in

custody by Delaney, as such official, it being also alleged that the prisoner had retained McPhail as her attorney, that she then and there desired to see and consult him, and that there was no immediate danger of escape, should such permission be given and such consultation be had. Upon trial to the court the issues were found generally against the plaintiff and in favor of the defendant, which general finding covers the question as to whether, under the statute, the attorney is the person aggrieved. The court below found that the right of action is given only to the person in custody, and not to the attorney, and at the close of plaintiff's testimony, on motion, for that reason, dismissed the case. To review that finding and judgment plaintiff brings the case here on error.

We determine the single question as to who is, under the statute, the person aggrieved.

The statute reads the *person* aggrieved. It is in the singular, not *persons*. It employs the definite article; neither does it say any person aggrieved, it says *the person,* that is, but one person has a cause of action. It follows that, arising out of a single violation of the statute, there can be but one cause of action and but one recovery. There is but one aggrieved person, either the attorney or the prisoner. If the attorney may recover the one in custody cannot, and if the latter may the attorney cannot. This being manifest, it only remains to determine to which one is given the right of action. In other words, in whose interest and for whose benefit and protection was the statutory cause of action created, for that is all it is. The words of the statute directly refer to the prisoner, as being the one to whom, if his wish to see and consult an attorney is denied, a right of action is given. That is, where one in custody, charged with a criminal offense, having a desire

to see and consult an attorney, there being no immediate danger of escape if such interview be permitted, is refused that right, a statutory cause of action arises in his favor against an officer who, by such refusal, violates an express provision of the law.

The statute is plainly intended for the exclusive protection and benefit of the prisoner. The object is to give the individual restrained of his liberty the opportunity to see and consult an attorney, to determine whether he is unlawfully imprisoned, and to prepare for and properly make defense against whatever charge is preferred. Under our constitution and laws, the accused has the right to have the advice and assistance of counsel in defense, to know the accusation made, and to have a speedy trial. Manifestly this statute was intended, in a measure at least, to preserve to the accused these rights and protect him in them. The one denied rights of such paramount importance must of necessity be the person aggrieved. The statute cannot well be held to refer to any other.

It may be that plaintiff, in his capacity as an attorney, has been, by the conduct of the defendant, deprived of certain privileges to which he is justly entitled, but this statute does not undertake to furnish him protection. Whatever relief, if any, he may be entitled to, cannot be secured by action under the statute, since it does not purport to provide him a remedy. To entitle the plaintiff to the relief here sought the provisions of the statute should be clear and plain to that effect, while, as matter of fact, the exact contrary is true. The judgment of the trial court in dismissing the action was right, and is affirmed.                          *Affirmed.*

Chief Justice Steele and Mr. Justice White concur.