[Crim. No. 757. Second Appellate District. Division Two.—December 31, 1920.]

In the Matter of the Application of JANE RIDER for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—CONSULTATION WITH COUNSEL—RIGHT OF PERSON ACCUSED OF CRIME.—The right of an accused, confined in jail or other place of detention pending a trial of the charge against him, to have an opportunity to consult freely with his counsel without any third person, whose presence is objectionable to the accused, being present to hear what passes between the accused and his counsel, is one of the fundamental rights guaranteed by the American criminal law, which right no legislature or court can ignore or violate.

[2] HABEAS CORPUS — UNLAWFUL RESTRAINT OF LIBERTY. — A person may be said to be unlawfully restrained of his liberty, so as to be entitled to the writ of *habeas corpus,* when, though lawfully in custody, he is deprived of some right to which, even in his confinement, he is lawfully entitled under the constitution or laws, the deprivation whereof serves to make his imprisonment more onerous than the law allows, or curtails, to a greater extent than the law permits even in his confinement, his freedom to go when and where he likes.

1. Right of prisoner to opportunity to consult with his attorney, notes, Ann. Cas. 1918D, 287; 44 L. R. A. (N. S.) 1083.

[3] ID. — WARD OF JUVENILE COURT — PRIVATE CONSULTATION WITH
COUNSEL.—*Habeas corpus* is the proper remedy to compel the sup-
erintendent of a juvenile home to permit one lawfully confined in
such home under a valid commitment to engage in private con-
versation with her counsel without the hearing and presence of
such superintendent or any objectionable third person, in order
that she may prepare her defense to a criminal charge.

APPLICATION for a Writ of Habeas Corpus to permit
a ward of a juvenile court to have private consultation with
counsel. Granted.

The facts are stated in the opinion of the court.

J. Morgan Marmaduke for Petitioner.

Thomas Lee Woolwine, District Attorney, and A. H. Van
Cott for Respondent.

FINLAYSON, P. J.—Petitioner, a ward of the juvenile
court for Los Angeles County, complains that she is unlaw-
fully restrained of her liberty, in that she is denied the
right of private consultation with her attorney to enable her
to prepare for her defense on a criminal charge. She there-
fore seeks by *habeas corpus* an order that will effectually
safeguard such right. The allegations of her petition, the
truth of which are admitted by respondent, supplemented
by admissions in open court, establish the following state of
facts: A complaint has been filed in the superior court of
Los Angeles County charging petitioner with the commission
of a felony, and her preliminary examination thereon is
about to take place. She is now detained in Juvenile Hall
pursuant to an order of the juvenile court in and for that
county. Respondent, who is the superintendent of Juvenile
Hall, refuses to permit petitioner to consult with her attor-
ney save in respondent's presence or in the presence and
hearing of some other third person whose presence is objec-
tionable to petitioner, thereby depriving her of all oppor-
tunity to consult freely and frankly with her counsel and
preserve the sanctity of their confidential communications.
A reasonable opportunity for consultation between petitioner
and her attorney is necessary to enable the former to pre-
pare for her hearing on the criminal complaint charging her

with a felony. Application to the superior court for relief having been denied, petitioner seeks a remedy here.

[1] The right of an accused, confined in jail or other place of detention pending a trial of the charge against him, to have an opportunity to consult freely with his counsel without any third person, whose presence is objectionable to the accused, being present to hear what passes between the accused and his counsel, is one of the fundamental rights guaranteed by the American criminal law—a right that no legislature or court can ignore or violate. In this state, the right of an accused to consult with his counsel is guaranteed by the constitution, which, in section 13 of article I, expressly declares that ''in criminal prosecutions, in any court whatever, the party accused shall have the right to . . . appear and defend, in person and with counsel.'' This clause of the constitution unquestionably was adopted to secure to the accused person all the benefits which may flow from the employment of counsel to conduct his defense. To afford him those benefits it is essential that he should be allowed to consult with his counsel, not only during the actual trial, but prior thereto, in order to prepare for his defense. The privilege of the presence of counsel upon the trial would be a poor concession if the right of consultation with such counsel prior to the trial were denied. It is equally essential to the enjoyment of this constitutional guarantee that the accused should have the right to a *private* consultation with his counsel. As said by the Oklahoma criminal court of appeals, ''It would be a cheap subterfuge of and a senseless mockery upon justice for the state to put a man on trial in its courts, charged with an offense which involved his life, liberty, or character, and then place him in such a position that he could not prepare to make his defense. It would be just as reasonable to place shackles upon a man's limbs, and then tell him that it is his right and duty to defend himself against an impending physical assault. If the right of defense exists, it includes and carries with it the right of such freedom of action as is essential and necessary to make such defense complete. In fact, there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights. . . . It therefore necessarily follows that it is the absolute right of parties charged with crime to confer

privately with their attorneys, and that it is an illegal abridgment of this right for a sheriff, jailer, or other officer to deny to a defendant the right to consult his attorneys except in the presence of such officer. . . . It is the duty of officers having the custody of persons charged with crime to afford them a reasonable opportunity to privately consult with their attorneys, without having other persons present, taking such precautions as may be necessary, according to the circumstances of each case, to prevent the escape of such prisoner.'' (*State ex rel. Tucker* v. *Davis*, 9 Okl. Cr. Rep. 94, [44 L. R. A. (N. S.) 1083, 130 Pac. 962].) In this state the legislature has expressly provided that a prisoner in jail may be visited by his counsel, and that any officer having charge of the prisoner who willfully refuses or neglects to allow the attorney to visit the prisoner is guilty of a misdemeanor. (Pen. Code, sec. 825.)

The respondent to the writ concedes, that, by denying to petitioner the right of private consultation with her counsel, she has been denied a right guaranteed her by the constitution, but contends—and this is the sole point urged in opposition to the writ—that *habeas corpus* is not the proper remedy. Respondent's argument, as we understand it, is substantially this: Petitioner is lawfully confined in Juvenile Hall under a valid commitment issued out of the juvenile court; therefore, she cannot be discharged from custody; *habeas corpus* will lie only where the person on whose behalf the writ is sought is unlawfully imprisoned; *ergo,* so the argument runs, petitioner is not entitled to *habeas corpus,* since in any event she must remain in Juvenile Hall in the custody of respondent.

Respondent's argument places too narrow limits upon the high prerogative writ of *habeas corpus,* the right whereto is guaranteed by the constitution. By express statutory enactment, it may issue in all cases where the petitioner is unlawfully "restrained of his liberty," as well as where he is unlawfully imprisoned. Section 1473 of the Penal Code provides: "Every person unlawfully imprisoned *or restrained of his liberty,* under any pretense whatever, may prosecute a writ of *habeas corpus* to inquire into the cause of such imprisonment or restraint." The office of the writ is to afford the citizen a speedy and effective method of securing the removal of any unlawful restraint upon his

liberty; and the statute which confers the right has always been construed in favor of the liberty of the citizen.

[2] We think that a person may be said to be unlawfully "restrained of his liberty," so as to be entitled to the writ of *habeas corpus,* when, though unlawfully in custody, he is deprived of some right to which, even in his confinement, he is lawfully entitled under the constitution or laws of this state or the United States, the deprivation whereof serves to make his imprisonment more onerous than the law allows, or curtails, to a greater extent than the law permits even in his confinement, his freedom to go when and where he likes. In *Commonwealth* v. *Ridgway,* 2 Ashm. (Pa.) 247, it was said that whenever a person is deprived of the privilege of going when and where he pleases, he is restrained of his liberty, and has a right to inquire if that restraint be illegal and wrongful, and that, whether it be exercised by a jailer, constable, or private individual. Here petitioner is denied the right to go to some place in Juvenile Hall where she may exercise her constitutional right to consult in private with her counsel. To the extent that she thus is denied the right to go to some appropriately secluded place in Juvenile Hall where she may consult privately with her counsel, to that extent is she denied the privilege of going where she has the right to go. As said by the Oklahoma court in the case cited *supra,* "If the right of defense exists, it includes and carries with it the right of such freedom of action as is essential and necessary to make such defense complete." No one, we think, would be so temerarious as to question the right of one to the writ of *habeas corpus* who, being lawfully in jail awaiting trial on a criminal charge, should be needlessly put in irons. In such cases the only legal ground for any incarceration whatever is that thereby the escape of the accused may be prevented pending a judicial determination of his guilt or innocence; and any physical restraint beyond that provided by the law for that purpose would be an unlawful restraint of his liberty within the meaning of the *habeas corpus* act. [3] So here, though petitioner is lawfully in Juvenile Hall, and her restraint is, to that extent, a lawful restraint of her liberty, the restraint passes the bounds of lawfulness when her jailer restrains her from engaging in a private consultation with her attorney, at some appropriate place in the building

wherein she is confined, to the end that thereby she may prepare for her defense. Constraint need not consist of actual physical force. Conduct inducing a reasonable apprehension of force may be sufficient to restrain one of his liberty. (*Hebrew* v. *Pullis*, 73 N. J. L. 621, [118 Am. St. Rep. 716, 7 L. R. A. (N. S.) 580, 64 Atl. 121].) If the respondent insists upon being within the presence and hearing of petitioner and her counsel whilst the latter are engaged in consultation, under such circumstances that, if petitioner objects to such arrangement, she will be forcibly deprived of all opportunity for consultation, petitioner most certainly is restrained of her liberty within the letter and spirit of section 1473 of the Penal Code, and has the right to have the legality of that restraint inquired into on *habeas corpus*.

It is ordered that respondent, Ianthe Densmore, superintendent of Juvenile Hall, be, and she is hereby ordered and directed, upon request of petitioner or her counsel, and at all reasonable times, to permit petitioner to consult privately with her attorney in such place and under such circumstances as will afford reasonable opportunity for absolute privacy of consultation.

Thomas, J., and Weller, J., concurred.