[Crim. No. 1008. Second Appellate District, Division One.—June 28, 1923.]

In the Matter of the Application of LESLIE G. SNYDER for a Writ of Habeas Corpus.

[1] ATTORNEY AND CLIENT—CRIMINAL CHARGE—RIGHT TO ADVICE OF COUNSEL—CONSTITUTIONAL LAW.—One of the constitutional rights vouchsafed to all persons under criminal charge is the right to the advice and assistance of counsel, and the opportunity to adequately prepare for their defense; and this right is denied them if they are compelled to hold consultations with their attorneys within the hearing of others, and without any opportunity to receive, exchange, sign, examine, or read legal documents and other writings.

[2] ID.—REASONS FOR PRIVATE CONSULTATION—DISCLOSURE UNNECESSARY.—An attorney, in making demand for a private consultation with his client, is not required to give to the officer in charge of the jail where such client is confined the reason why he desires a private consultation.

APPLICATION for a Writ of Habeas Corpus to secure a private consultation by petitioner with his attorney. Writ granted.

The facts are stated in the opinion of the court.

Ida May Adams for Petitioner.

Asa Keyes, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

CURTIS, J.—Application for writ of *habeas corpus* by petitioner, who claims that he is unlawfully restrained of his liberty by the sheriff and jailer of the county of Los Angeles. The petition shows that Leslie G. Snyder, the petitioner, is confined in the county jail of said county, charged with the commission of a felony. He admits that his detention is legal, but claims that he is unlawfully restrained of his liberty in that he is prevented by said sheriff and jailer from privately consulting with his attorney in preparing for

1. Right of prisoner to opportunity to consult his attorney, note, 44 L. R. A. (N. S.) 1083.

his defense in said action, and that he is only permitted to consult with his attorney in the presence of numerous other attorneys and clients and other persons, who, on account of their proximity, are able to overhear conversations between petitioner and his counsel. And furthermore, that respondents refuse to permit petitioner to confer with his attorney, save from across a table and through a close mesh steel wire screen, through which it is impossible to clearly observe facial expressions, read or sign papers, or to do the acts necessary to be done between petitioner and his counsel in the preparation of petitioner's defense.

Petitioner asks that a reasonable opportunity be afforded him to consult privately with his counsel and to prepare for his defense.

The return, after setting forth the charge upon which petitioner is held, in substance denies that petitioner has been refused permission to consult privately with his attorney or to prepare for his defense. It admits that the petitioner and all other prisoners confined in the county jail, when in consultation with their attorneys, are required to communicate with them across a table and through a wire mesh screen, between such prisoners and their attorneys, but denies that said screen is of such a character as to prevent parties conversing through the same from clearly observing one another, and alleges that such screen furnishes but slight obstruction to persons conversing through it. The return further asserts that the petitioner has personally never made any objection to the conditions under which he has been obliged to communicate with his counsel, but that the attorney of petitioner, without any demand for a fuller opportunity to communicate privately with petitioner, arbitrarily declined to communicate with him for the sole reason that said table and said screen were between her and her client.

From the evidence adduced at the hearing it appears that the table and screen were recently installed in one of the rooms of the county jail by the authorities of said county for the use of prisoners confined therein when consulting with their attorneys or visitors. The table is of sufficient length so that eight persons can be seated on either side thereof, when the chairs are so arranged that they touch each other. There are no partitions on said table, separat-

ing the space occupied by one person from that occupied by persons on either side of him, although the evidence shows that it is the intention of the authorities to equip said tables with such partitions in the near future. The addition of such partitions will, in our opinion, greatly improve the conditions prevailing in the room at the present time. As the room is now equipped with said table and screen, there is nothing to prevent any person from seeing or hearing anything that another person sitting next to him may do or say. The screen referred to, and which separates the prisoner from the person conversing with him, does not, in our opinion, prevent a clear observation of the facial expressions of one person by the other, nor does it in any substantial manner interfere with the free conversation between the parties on either side thereof. It does, however, prevent any documents, papers, or other articles being passed through it, and as admitted by the return, it makes it difficult to read papers through it.

While the room as now equipped with the table and screen furnishes adequate and reasonable facilities for the ordinary conversations and consultations between attorneys and their clients, it must be apparent to anyone that it does not permit of that privacy that must prevail quite frequently in conferences between those accused of crime and their legal advisers. [1] One of the constitutional rights vouchsafed to all persons under criminal charge is the right to the advice and assistance of counsel, and the opportunity to adequately prepare for their defense. This right, we submit, would be denied them if they are compelled to hold consultations with their attorneys within the hearing of others, and without any opportunity to receive, exchange, sign, examine, or read legal documents and other writings.

In a recent decision by division two of this court it was held that the constitutional right of one accused of crime to the assistance of counsel carried with it the right to private consultations prior to trial for the purpose of preparing for the prisoner's defense. The court interpreted the law in the following language: "In this state, the right of an accused to consult with his counsel is guaranteed by the constitution, which, in section 13 of article I, expressly declares that 'in criminal prosecutions, in any court whatever, the party accused shall have the right to . . . appear and de-

fend, in person and with counsel.' This clause of the constitution unquestionably was adopted to secure to the accused person all the benefits which may flow from the employment of counsel to conduct his defense. To afford him those benefits it is essential that he should be allowed to consult with his counsel, not only during the actual trial, but prior thereto, in order to prepare for his defense. The privilege of the presence of counsel upon the trial would be a poor concession if the right of consultation with such counsel prior to the trial were denied. It is equally essential to the enjoyment of this constitutional guarantee that the accused should have the right to a *private* consultation with his counsel.'" (*In re Rider*, 50 Cal. App. 797 [195 Pac. 965].)

It is insisted, however, by respondents that, admitting that petitioner has the right to a private consultation with his attorney, yet no relief should be granted him in this proceeding for the reason that no demand was ever made by him or by his attorney for a private hearing other than that which would be offered by the room above mentioned. On this point there was a conflict in the testimony produced at the hearing. For the purpose of this proceeding we are assuming that such a demand was made. There was not only evidence to this effect, but the jailer testified that no other room or place had been provided by the authorities wherein private consultations could be held by attorneys and clients. It is true that one witness testified that he, as an attorney representing a prisoner confined in said jail, had demanded and was furnished a place in which he could and did hold a private consultation with his client, but we gather from the whole evidence before the court that this was an exceptional case, and that no such general privilege is accorded to the prisoners confined in said jail, and that no provision had been made by the authorities for any place where such a private consultation could be held. It is also true that petitioner personally made no demand for a private hearing, the only claim being that such a demand was made by his attorney. It is to be presumed that his attorney was better informed as to the necessity for such a hearing than the client himself. The attorney was entrusted with the defense of the prisoner. She spoke for her client and her demand was not only for the interest of her client

but was the demand of the client himself.  As long as the attorney was in charge of the case and responsible for the result thereof, her judgment in such matters should prevail over that of the client, otherwise the client would need no attorney and the attorney would be of no assistance to the client.

[2]  It was suggested at the hearing that admitting the attorney made demand for a private consultation, yet those in charge of the jail were not in duty bound to grant said demand, as the attorney gave no reason why such a hearing was desirable or necessary.  We cannot agree with this suggestion.  No attorney should be compelled to disclose to any person any fact which would directly or indirectly affect the defense of his client.  To require the attorney to give to the officer in charge of the jail, the reason why he desired a private consultation with his client, might in some cases lead to the disclosure of information of vital importance to the client, the knowledge of which should be confined to the client and to those to whom he voluntarily communicates the same.  Furthermore, to require the attorney to give to the officer in charge the reason why he desires a private interview with his client would, by inference at least, give such officer the power to determine whether such reasons were sufficient or not to grant such interview.  For what purpose would it serve to give to the officer the right to demand the reason for a private interview if he is to grant it, whether or not the reason given appealed to him to be sufficient?  To adopt such a rule would be to substitute the judgment of the officer, upon questions involving the prisoner's defense, in the place of the judgment of the prisoner and his counsel.

From the return and evidence herein, it is apparent that the purpose of equipping said room with said table and screen and requiring all conversation between prisoners in said jail and their attorneys to be carried on through said screen was to prevent the passing into said jail of narcotics, weapons, and other articles forbidden by the authorities. We fully appreciate the difficult task of the officers in their efforts to discharge their duty in this respect, and it is not the desire of this court to interfere or hamper them in this commendable work.  At the same time, we all realize that official duty, grave and important as it is, must be performed

in subordination to the constitutional rights of others. We are fully persuaded that some plan can be provided by the authorities which will adequately protect the county jail from the introduction therein of such articles as may be forbidden, and at the same time not entrench upon the right of those confined therein to every privilege accorded them by the laws of our state.

It is ordered that respondents, W. I. Traeger, sheriff of the county of Los Angeles, state of California, and Mark Bailey, jailer of said county, be and they are hereby ordered and directed, upon request of petitioner or his counsel, and at all reasonable times, to permit petitioner to consult privately with his attorney in such place and under such circumstances as will afford reasonable opportunity for absolute privacy of consultation.

Conrey, P. J., and Shenk, J., *pro tem.*, concurred.