STATE EX REL. CASLETON, APPELLANT, v. BOARD OF PRISON COMMISSIONERS ET AL., RESPONDENTS.

(No. 6,392.)

(Submitted January 8, 1929. Decided January 24, 1929.)

[273 Pac. 1044.]

*Mr. C. A. Spaulding,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, argued the cause orally.

HONORABLE WILLIAM H. POORMAN, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, disqualified, delivered the opinion of the court.

This is an action brought in the district court of Powell county on January 19, 1928, to obtain a writ of mandate directed to the respondents and designed to coerce them into permitting relator and appellant, as an attorney at law, to see and consult with his clients then suffering imprisonment in the state penitentiary at Deer Lodge. To the petition and application for this writ the respondents, through the Attorney General, interposed a general demurrer. This demurrer was by the trial court sustained and judgment rendered dismissing appellant's action and taxing costs against him. From this judgment this appeal is prosecuted.

The relator in his petition alleges the professional character of relator as attorney at law, and the official character of the respondents as the warden and members constituting the board of State Prison Commissioners, respectively; that theretofore, and in November, 1927, an information was filed in the district court of Jefferson county by the county attorney, charging John Fink and George Eder with the crime of grand larceny. No trial or hearing has ever been had on said charge, but the defendants therein are confined in the state prison. Inferentially it appears that said defendants are held in state prison by reason of a prior conviction. Fink and Eder employed relator as their counsel, and both they and relator requested that he be permitted to consult with them privately, but such request was denied, although respondents were informed of such employment. Relator further alleges that such acts of the respondents are unlawful and that he has no speedy and adequate remedy at law. He prays that a mandate issue requiring respondents to permit relator to consult in private, as an attorney and counselor at law, his clients, Fink and Eder.

The general demurrer filed by the attorney general on behalf of respondents admits the truth of the facts pleaded,

but does not admit the conclusions of law drawn therefrom by the relator. There is not any claim made in the record, by pleading or otherwise, that either the relator or his clients had violated any rule or regulation of the state prison board, and the sole questions raised by the record are as to the right of relator to consult in private with his clients, and the right of the relator, as such counsel, to institute this action.

Counsel in their briefs and oral argument have treated these questions as inter-related, and courts have so regarded them. They will be here considered in the same way.

The particular statute referred to is section 8990, Revised Codes of 1921, which reads: "All public officers, sheriffs, coroners, jailers, constables, or other officers or persons, having in custody any person committed, imprisoned, or restrained of his liberty, for any alleged cause whatever, must admit any practicing attorney and counsellor at law in this state, whom such person restrained of his liberty may desire to see or consult, to see and consult such person so imprisoned, alone and in private, at the jail or other place of custody. Any officer violating this provision shall forfeit and pay one hundred dollars to the person aggrieved, to be recovered by action of debt in any court of competent jurisdiction."

The attorney general contends that this statute creates a right that did not theretofore exist and that the remedy provided for its infringement is exclusive, and that, if the officer denies the right to consult his client, this statute furnishes the exclusive remedy which is open only "to the person aggrieved"; that is, the person imprisoned and not to his attorney, and cites *McPhail* v. *Delaney,* 48 Colo. 411, 110 Pac. 64. In that case, which was an "action of debt," the Colorado supreme court held that the phrase "person aggrieved" meant the person in custody and that the attorney could not recover. If pecuniary compensation for failure to permit the consultation were the only relief sought, then, under this authority, the attorney cannot prevail; neither can the action be instituted by the "person aggrieved," for he is in jail and

can act only through counsel, and counsel can act only after the statement of the case has been given to him. The imprisoned party would have to abide the time when eventually released, and, if suffering prior conviction and brought to trial on another charge prior to the expiration of the first sentence, while he might engage counsel, or the court might appoint counsel for him, he would not be permitted to acquaint counsel with the facts of his case except in the presence and hearing of an officer who would be at liberty to carry the information to defendant's adversary, for a third party may report what he hears or testify as to declarations made. Statements privately made to counsel are confidential.

If this statute is the only law bearing upon the subject and the remedy there named exclusive, then this particular action cannot be maintained at all by either attorney or client. The remedy there named is a civil "action of debt." This is an action in mandamus, which is not a civil action. (*Bailey* v. *Edwards,* 47 Mont. 363, 133 Pac. 1095.) The fact that a statute fixes the amount of penalty recoverable against the offending officer does not have the effect of barring the person aggrieved, or his attorney, of their rights not "actions of debt," nor deprive them, or either of them, of a method of procedure to enforce the same.

The right of the accused to the assistance of counsel in making his defense, and the correlative right to consult with the counsel, did not originate with our section 8990, nor with any other statute; it came to us by the common law (Cooley's Blackstone, 3d ed., Vol. 2, p. 355), is preserved by the Constitution of the United States (Fifth and Sixth Amendments), and secured by the Constitution or laws of every state in the Union. "With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel." (Cooley's Constitutional Limitations, 334.)

The provisions of our state Constitution relating to this subject are found in Article III thereof, and are as follows:

"Sec. 6. Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character; and that right and justice shall be administered without sale, denial, or delay."

"Sec. 16. In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same."

"Sec. 27. No person shall be deprived of life, liberty, or property without due process of law."

Section 9848 of the Revised Codes of 1921 provides that the writ of mandate may issue to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded; and section 9849 provides that the writ of mandate must issue in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law.

The case of *McPhail* v. *Delaney,* above, does not hold that the attorney may not resort to forms of action other than the "action of debt" named in the particular statute similar to our section 8990, but only holds that he cannot maintain the civil action of debt as an attorney of his imprisoned client, and the court in that opinion clearly intimates that the attorney was justly entitled to certain privileges, but that his relief could not be found in that particular statute.

In *Thomas* v. *Mills,* 117 Ohio St. 114, 54 A. L. R. 1220, 157 N. E. 488, the supreme court of Ohio held that an attorney, as petitioner, could maintain an application for writ of mandate to compel the restraining officer to admit him to private con-

sultation with his client, and that the refusal to permit such consultation privately was violative of the constitutional provisions which are practically identical with those of Montana above quoted.

In *Turner* v. *State,* 91 Tex. Cr. 627, 23 A. L. R. 1378, 241 S. W. 162, the court of criminal appeals of Texas set aside a conviction for burglary on the ground and for the reason that the defendants had been deprived of their right to private consultation with their attorney. The statutory and constitutional provisions were practically the same as those of Montana. In the course of the opinion the court said: "The law does not restrict the right of representation by counsel to the mere matter of appearance upon the trial of his case. To deny him the privilege of the advice of counsel in the preparation of his case for trial is an unwarranted abridgment of the right guaranteed him by the Constitution. Mindful that it is essential to the enjoyment of this right that free and private communication with his counsel be permitted, the legislature has by statute inhibited the disclosure by the attorney at law of matters revealed to him by his client coming to his knowledge by reason of such relationship." In the same opinion the court further said: "The demand of the Constitution that one accused of crime shall be accorded the benefit of counsel is not satisfied when the officer having the prisoner in custody requires that he be present at the interview. The law contemplates a private and confidential communication between the attorney and client. It seals the mouth of the attorney. His client may freely disclose to him all pertinent matters, but, if they are heard by the sheriff, his mouth is not sealed. The communication ceases to be privileged when uttered in the presence of a third party. The insistence in the instant case that the sheriff be present amounts to a denial of the privilege guaranteed by the Constitution."

In *Hamilton* v. *State,* 68 Tex. Cr. 419, 153 S. W. 331, the court of criminal appeals of Texas reversed a judgment of conviction of incest for the reason and on the ground that the

defendant had been denied the right of private consultation with her attorney.

In *Ex parte Rider*, 50 Cal. App. 797, 195 Pac. 965, the district court of appeals of California granted a writ of habeas corpus which was made to perform the function of a writ of mandate compelling the custodian of the petitioner to permit her to see and consult "privately with her attorney in such place and under such circumstances as will afford reasonable opportunity for absolute privacy of consultation." To the same effect is the holding of the later case of *Ex parte Snyder*, 62 Cal. App. 697, 217 Pac. 777.

In *State ex rel. Tucker* v. *Davis*, 9 Okl. Cr. 94, 44 L. R. A. (n. s.) 1083, 130 Pac. 962, the criminal court of appeals of Oklahoma very thoroughly and ably discussed the questions here involved. There, as here, the complaining party had been denied the right "to confer privately and fully with his attorneys with reference to his defense" and that the sheriff and jailer refused to permit him to confer with his counsel "except in the presence of said sheriff or jailer." The court, after stating the case, which is very similar to the instant case, said: "It would be a cheap subterfuge of and shameless mockery upon justice for the state to put a man on trial in its courts charged with an offense which involved his life, liberty, or character, and then place him in such a position that he could not prepare to make his defense. It would be just as reasonable to place shackles upon a man's limbs, and then tell him that it is his right and duty to defend himself against an impending physical assault. If the right of defense exists, it includes and carries with it the right of such freedom of action as is essential and necessary to make such defense complete. In fact, there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights. This is so fundamentally just, and it is so highly prized by the people of Oklahoma, that it is embodied, not only in our statute law, but it is further safeguarded and rendered inviolate by a

number of constitutional provisions. * * * Due process of law would be a libel on justice if it did not carry with it the absolute right of preparation for trial. The right to be informed of the nature and cause of the accusation against him, and have a copy thereof, would be only so much idle buffoonery if the accused was not allowed to prepare to defend himself. All of these rights would amount to but little if the accused did not also have the right to be represented by counsel who was learned in the law and trained in the matter of presenting cases in court. These principles are not only embodied in our Constitution, but they or similar provisions will be found in the Constitution of every state of the American Union and also in the Constitution of the United States. They therefore cannot be minimized, but constitute the fundamental and universal principles of American criminal law; and no legislature or court can ignore or violate them. The absolute right of every defendant in a criminal case to be represented by counsel learned in the law was discussed and recognized by the unanimous decision of this court in the case of *Baker* v. *State,* 9 Okl. Cr. 62, 130 Pac. 820, in an opinion by Judge Doyle, decided at the present term of court. The right to be heard by counsel would, in the language of Saint Paul, 1 Cor. 13, 1, 'become as sounding brass, or a tinkling cymbal,' if it did not include the right to a full and confidential consultation with such counsel, with no other person present to hear what was said. This is a material, substantial right, essential to justice. * * * It is the duty of officers having the custody of persons charged with crime to afford them a reasonable opportunity to privately consult with their attorneys, without having other persons present, taking such precautions as may be necessary, according to the circumstances of each case, to prevent the escape of such prisoner. It is therefore the duty of the trial courts of Oklahoma to make such orders as will secure to every person imprisoned upon an accusation of crime a reasonable opportunity to consult privately and freely with

his counsel, without let or hindrance from any sheriff, jailer or other officer."

It is idle to say that an attorney employed to protect and ▮ defend an imprisoned client does not have an enforceable right and interest with respect thereto. He not only has a pecuniary interest but, as an officer of the court and as an attorney and counselor at law he is charged with a higher duty; one that is not measured and gauged by the dollar rule. His oath requires him "to faithfully discharge the duties of an attorney and counselor at law with fidelity, to the best of his knowledge and ability" (sec. 8939, Rev. Codes 1921) and he is amenable to the law if he violates this mandate.

For the reasons stated, the judgment appealed from is hereby reversed and the cause remanded to the district court with direction to enter an order directing the respondents, upon request of the appellant and at all reasonable times, to permit the petitioner, W. E. Casleton, as attorney for John Fink and George Eder, to consult privately with the said Fink and Eder, or either of them, in such place and under such circumstances as will afford reasonable opportunity for absolute privacy of consultation.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.