Ex parte RAY TERRILL.

No. A-7245. Opinion Filed April 12, 1930.
(287 Pac. 753.)

C. R. Reeves, for petitioner.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. The petitioner alleges that he is illegally restrained by the warden of the state penitentiary at McAlester; that he is confined under a conviction from the

district court of Pawnee county on a charge of robbery. He then assigns two reasons why he contends the judgment is void. The state demurred to that part of the petition in which it is claimed the judgment is void, and the demurrer was sustained for the reason that these allegations contain nothing that can be raised by habeas corpus. The third and remaining ground alleged by petitioner is that he is receiving a different punishment from that imposed, and that he is deprived of rights to which he is lawfully entitled; that is, that he is prohibited from writing letters to friends and relatives excepting once per month, and is prohibited from having newspapers and reading matter, and is confined in a cell five by eight feet, and is fed on bread and water, and in other ways enumerated has been subjected to cruel and unusual punishment. This, he contends, is unlawful, and may be relieved by habeas corpus.

The state denies that petitioner is or has been subjected to cruelty, and alleges, in substance, that petitioner has persistently violated the rules regulating the conduct of inmates of the penitentiary by attempting to send letters to persons outside without their having been passed by the warden, and which letters have shown an intention of petitioner to escape; that he is an habitual criminal, difficult to safely keep and to control; that he has heretofore escaped from the state penitentiary at Little Rock, Ark., from the jail at Ardmore, Okla., and from the jail at Perry, Okla., and from the officers when they were attempting to deliver him to the penitentiary; and that the restraint imposed is no more than is necessary to secure his safe confinement.

Considerable testimony was taken by depositions which have been filed in support of the petition. The state

has shown that petitioner in indicted for robbery in La-
bette county, Kan.; that he is a fugitive from the state
penitentiary at Little Rock upon a sentence for ten years
for burglary and grand larceny; that he was under in-
dictment in Hutchinson county, Tex., on a charge of mur-
der; that he is wanted by the United States authorities for
the Eastern district of Oklahoma on a charge of robbing
the United States mail; that detainers from all of said
places are in the hands of the warden.   It is further shown
that he escaped from the county jail in Ardmore in 1926;
that he escaped in 1927 from certain officers who were re-
turning him to the penitentiary at McAlester when within
a mile of the prison; that he is treated as other prisoners
of his class, and is permitted to and does receive direct
several newspapers, including two daily papers and two
monthly magazines, and others from the prison library;
that he is permitted to write to his relatives once each
month, and, in addition has sent out other letters to his
attorneys and friends; that he is what is termed a third-
class prisoner, and as punishment for infraction of rules
had been handcuffed to the bars; that a large part of the
time he is confined in what is termed solitary, a cell about
six by eight feet containing a cot and lavatory; that pris-
oners so confined have an opportunity to take exercise once
each week, and may communicate with prisoners in the
cells on either side; that the front of the cell is open except
for the barred door and an opening in the rear of some six
or eight inches square.   Petitioner testified that he had at-
tempted to pass out two uncensored letters to his wife, and
on one occasion had engaged in a disturbance with some
negro prisoners for which he had been punished by being
handcuffed to the bars from about 9 in the morning until
2:30 that night and for extended periods at other times.
He admitted the escapes from the different institutions

as alleged by the state. The state contends that habeas corpus will not lie to regulate the control, conduct, and discipline of the inmates of the state penitentiary.

The Legislature has provided a means for supervising and regulating the management of the state's penal institutions, and has provided a method of redressing the grievances of inmates. Second 9205, Comp. Stat. 1921, is as follows:

"That the Board of Prison Control shall have the management and control of the penal institutions of this state, located at McAlester and Granite, Oklahoma, and may prescribe rules and regulations for the conduct and management thereof. * * *"

And section 9216, Comp. Stat. 1921, reads:

"Any convict who may be penalized by having his merit marks or good time removed or who may have his health impaired by being placed in solitary confinement shall have the right to make a written report to the Board of Control, asking that an investigation be made, and the Board of Control on receipt of such report shall, if the case warrants in their opinion, cause an investigation to be made. Any warden of any penitentiary or reformatory who shall refuse to allow any convict to make such report as provided for in this section, shall upon being found guilty be subject to removal from office."

In addition the commissioner of charities and corrections has the right of inspection, and to some extent supervision, of the treatment of inmates of penal institutions. Article 5, c. 1, Comp. Stat. 1921.

Habeas corpus is a collateral remedy, and is subject to the limitations common to collateral proceedings. The legal remedies provided by law should, as a general rule, be exhausted or denied before habeas corpus may be resorted to. We find no authorities directly in point upon

the question raised in this case, but some of the cases incidentally or indirectly bear out the contention that, where a prisoner held by valid process is incarcerated in some place other than that provided by the judgment or a place not authorized by law, or where the punishment is different in kind from that provided by the judgment, the prisoner may be discharged or the court may require that the confinement be in the proper place or that the punishment be as imposed by the judgment, or such order may be made as justice requires. 29 C. J. 173, § 195; In re Johnson (C. C.) 46 F. 477; Com. v. Francies, 250 Pa. 350, 95 A. 798; Weems v. U. S., 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705; In re Medley, 134 U. S. 160, 10 S. Ct. 384, 33 L. Ed. 835.

It has been said that the courts do not have power to release a convict held under a valid process because of inadequate facilities or bad condition of the place of confinement. In re Ellis, 76 Kan. 368, 91 Pac. 81. This court has held that, where an accused is legally imprisoned pending trial, denial of his constitutional right to consult with counsel may be enforced by habeas corpus. State ex rel. Tucker v. Davis, 9 Okla. Cr. 94, 130 Pac. 962, 44 L. R. A. (N. S.) 1083. This case was followed and approved in Ex parte Rider, 50 Cal. App. 797, 195 Pac. 965.

The evidence introduced in this case discloses that in some particulars petitioner was accorded liberal treatment, but in other particulars the treatment was harsh and unjust to even an insubordinate and vicious prisoner. It is unnecessarily severe to chain a prisoner by the wrists to the bar of a cell for the long period of time from 9 o'clock in the morning until 2 o'clock at night, where he must stand upright and have his arms elevated. It is also unnecessarily harsh and inhumane to confine a prisoner of whatever class in a solitary cell without opportunity

for exercise other than a period of thirty minutes or such a matter once in a week. Convicts in the state penitentiary for any offense are entitled to humane treatment and to no more restraint than is necessary to insure their safekeeping, preserve the morale, order, safety, and discipline of the institution.

If petitioner is subjected to mistreatment amounting to cruel and unusual punishment he may make complaint to the board of prison control under the provisions of section 9216, or to the Governor as the chief executive officer of the state, or to the commissioner of charities and corrections. In the event he is denied the right to make such complaint or in case of complaint if the abuses of which he complains, if they exist, are not corrected, he may resort to habeas corpus. Petitioner has made no attempt to pursue the remedies provided by law, and, until he has done so and been denied the right, or such complaint has proven unavailing, the collateral proceeding of habeas corpus may not be invoked.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.