[Crim. No. 3708. Second Dist., Div. Three. Apr. 23, 1943.]

In re Lasher B. Gallagher, on Behalf of WILLIAM DONLEY QUALLS, on Habeas Corpus.

Lasher B. Gallagher for Petitioner.

Frederick N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHINN, Acting P. J.—This matter came before us for hearing upon a writ of habeas corpus, heretofore issued, directed to the Sheriff of Los Angeles County upon petition of counsel for, and on behalf of, William Donley Qualls, who is now an inmate of the county jail awaiting trial upon two counts of felony. It was represented by the petition that petitioner has employed an attorney who is preparing his defense to said charges; that said attorney has demanded that he be afforded an opportunity for private consultation with his client at some place in the county jail to be selected by respondent or his deputies who are in charge of the jail; that respondent and his said deputies have failed and refused to accede to such request; that they have been willing to allow petitioner to consult with his said attorney at times when consultations were desired, but only in a large room used by many at-

torneys and their clients for such purpose; but that between the hours of 9 a. m. and 5 p. m., by reason of the presence of many prisoners and attorneys and of deputies of respondent, there is no opportunity in that room for petitioner to consult privately and confidentially with his said attorney. The purpose of his application is to secure opportunity for such private consultation.

From the facts as stipulated by counsel for petitioner and the district attorney, appearing on behalf of respondent, and from oral and documentary evidence received at the hearing, which it is unnecessary for us to recite, it appears that while the room provided for such consultations is a large one and is furnished and arranged as to provide facilities which are adequate to allow conversations between attorneys and their clients, yet the facilities are so limited and the room is so extensively used that during ordinary business hours there is little assurance of the privacy of conference to which the petitioner and those similarly situated are entitled and that at times privacy of consultation is impossible. Their right to private consultations with their counsel is a corollary of the constitutional right to be represented by counsel in their defense. In *In re Rider,* (1920) 50 Cal.App. 797 [195 P. 965], at 799, the court said: "The privilege of the presence of counsel upon the trial would be a poor concession if the right of consultation with such counsel prior to the trial were denied. It is equally essential to the enjoyment of the constitutional guarantee that the accused should have the right to a *private* consultation with his counsel" and at page 800 quoted with approval the following language from *State ex. rel. Tucker* v. *Davis,* 9 Okla.Cr.Rep. 94, [130 P. 962, 44 L.R.A. N.S. 1083], as follows: "It is the duty of officers having the custody of persons charged with crime to afford them a reasonable opportunity to privately consult with their attorneys, without having other persons present, taking such precautions as may be necessary, according to the circumstances of each case, to prevent the escape of such prisoner." See also, to the same effect, *In re Snyder,* (1923) 62 Cal.App. 697 [217 P. 777].

The district attorney does not question that petitioner has this right but contends that there is at all times a reasonable degree of privacy in the consultation room, but this contention is not borne out by the evidence. He further insists that

so little use is made of said room between the hours of 7 and 9 a. m. and 5 and 9 p. m., during which hours attorneys are allowed use of the room for consultation, that prisoners may then hold private conferences with their counsel without interruption, and that petitioner, being free to make use of the room during such hours, has no just cause for complaint. The evidence is to the effect that between the hours of 7 and 9 a. m. and 5 and 9 p. m. it would ordinarily be possible for private and confidential conversations to be held in the attorneys' room, but there are no regulations or practices in force which would insure such privacy. Even if there were, petitioner's right to consult privately with his attorney "at all reasonable times" (*In re Rider, supra; In re Snyder, supra*) cannot be limited to hours that are outside of those which attorneys usually devote to their professional labors. There is no other room in the jail provided for the use of attorneys when consulting with their clients, but there undoubtedly is space, including the attorneys' room, when so managed as to insure privacy, which is or may be made suitable for that purpose and which would assure the desired privacy. Additional facilities that might be so used appear to be quite limited, as is also the demand for the use of places where greater privacy would be afforded than is possible in the attorneys' room as it is now managed. It is nevertheless the duty of the authorities to make reasonable provision to meet the demands of those prisoners who seek the opportunity to consult with their counsel outside of the hearing of other persons. The fact that members of the Bar almost without exception bear with the difficulties which we have mentioned does not alter the case. There is, of course, no duty to provide such quarters beyond the necessities therefor, nor to make them available for immediate use upon request. Some inconvenience must at times be occasioned to prisoners and their counsel because of the great number of prisoners in the jail and the limitation of facilities for complete privacy of consultation, but so long as such facilities are provided and the right to private consultation is respected, respondent's duty in the premises will go no further than to see that all prisoners are accorded equal privileges in the use of space which may be used for private consultation. We appreciate the difficulties which confront the custodian of a jail as large as that of this county, which houses approximately 2,000 prison-

ers, but are nevertheless confident that they can be satisfactorily overcome by reasonable cooperation on the part of members of the Bar and those who are charged with management of the jail. Needless to say, when opportunities are afforded for private consultations, those who engage therein will be obliged to abide by such reasonable regulations as respondent may see fit to make as the custodian of the jail property and the prisoners confined therein.

It is ordered that respondent, Eugene Biscailuz, Sheriff of Los Angeles County, be, and he is hereby ordered and directed, upon request of petitioner or his counsel, and at all reasonable times, to permit petitioner to consult privately with his attorney in such place and under such circumstances as will afford reasonable opportunity for absolute privacy of consultation.

Wood (Parker), J., and Bishop, J. pro tem., concurred.