### JACK TURNER AND ED BARTON v. THE STATE.

#### No. 6241. Decided May 3, 1922.

**1.—Burglary—Representation by Counsel—Constitutional Law.**

The demand of the Constitution that one accused of crime shall be accorded the benefit of counsel is not satisfied when the officer having the prisoner in custody requires that he be present at the interview. The law contemplates a private and confidential communication between the attorney and client, and where this was denied in the instant case, the same constitutes reversible error.

2.—Same—Postponment.

   The motion to postpone the trial for reasonable time should have been granted defendants.

   Appeal from the District Court of Clay. Tried below before the Honorable H. F. Weldon.

   Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

   The opinion states case.

   *John T. Spann,* for appellant.—Cited cases in opinion.

   *R. H. Hamilton,* Assistant Attorney General, for the State.

   MORROW, Presiding Judge.—The appeal is from a conviction of the offense of burglary; punishment fixed at confinement in the penitentiary for two years.

   A drug store in the village of Byres was burglarized on Saturday night. On the Sunday afternoon following the appellants and another young man were arrested in the town of Henrietta, the county seat of Clay County. There were missed from the store some coins which were not described further than to say that it was change in the cash drawer. Two bottles of perfume and some cigars were also missed.

   An automobile was taken from the garage of the owner of the drug store. This was found some distance from Byres, where it was abandoned, and around it were some foot-prints.

   The weather was rainy, and at the time of their arrest, the appellants and their companions were in bed at a hotel in Henrietta, Texas. In their possession were found articles corresponding to the general description of those lost. The money, of course, could not be identified; neither could the cigars nor the perfume other than it was of a kind like that which was missing.

   Upon these circumstances and some others, the State depended for a conviction. The arrest was made on the 24th of October, and the appellants remained in jail until the time of their trial, which took place on the first day of December. On the trial, they testified in substance that they were going on foot from a point in Oklahoma, where they had been in search of work, to the oil fields of Texas; that they were in the village of Byers on the Saturday perceding the burglary and that they left there during the evening before the time at which the testimony shows the store to have been closed and went to the village of Petrolia. They explained the possession of the articles by the statement that they found them on the bumper of a box-car at Petrolia, wrapped in a wet blanket.

   While at Petrolia, they were in various places of business and had transactions with reference to buying food and making application for

work; that they were strangers and were unable to name any of the parties with whom they had talked. Their testimony, if true, established an alibi.

Before going to trial, they presented a motion to postpone the trial. In the motion, it is shown that from the time of their arrest until the 30th day of November, they were in jail and were denied the privilege of consulting their attorneys; that repeated efforts were made by the attorneys whom they had selected to interview them, but the sheriff refused to permit any conversation between them except in his presence; that in the course of the efforts of their attorneys to see them and converse with them, and prepare their case for trial, they appealed to the District Judge and obtained from him an order directing the sheriff to afford an interview. The sheriff, however, declined to comply with this order, and the effort to consult their attorneys in person and privately was not afforded until the new sheriff came into office, which took place on the day before the trial began, and that at that time they communicated to their attorneys the substance of the matters which have been detailed and to which they testified upon the trial. The postponement was requested upon the theory that by the delay (which was not to be made beyond the expiration of the term of court) they would be able, by description, to identify the persons with whom they had talked and whom they had seen while in the village of Petrolia; that they were unacquainted with the names of these parties but that they could furnish such description as would enable the attorneys, upon investigation, or to enable them, upon release on bond, to identify them. The motion was denied. The facts were sworn to by the appellants and their attorneys. There is no qualification of the bill of exceptions taken to the refusal of the court to postpone the case, and the defensive theories of the appellants are supported alone by their testimony and that of the co-defendant.

Concerning the rights of a person accused of crime, the Bill of Rights says:

"He shall have the right of being heard by himself or counsel, or both; shall be confronted with the witnesses against him; and shall have compulsory process for witnesses in his favor."

This, like other provisions of the Constitution, requires the obedience and support of public officials. The law does not restrict the right of representation by counsel to the mere matter of appearance upon the trial of his case. To deny him the privilege of the advice of counsel in the preparation of his case for trial is an unwarranted abridgement of the right guaranteed him by the Constitution. Mindful that it is essential to the enjoyment of this right that free and private communication with his counsel be permitted, the Legislature has by statute inhibited the disclosure by the attorney at law of matters revealed to him by his client coming to his knowledge by

reason of such relationship (Code of Crim. Proc. Art. 793), and has by penal statute said:

"If any officer or other person having the custody of a prisoner in this state shall wilfully prevent such prisoner from consulting or communicating with counsel, or from obtaining the advice or services of counsel in the protection or prosecution of his legal rights, he shall be punished, etc." (Penal Code, Art. 1046.)

The courts have carefully guarded this privilege when it has been assailed. Jackson v. State, 55 Texas Crim. Rep., 79; 130 Amer. St. Rep., 792; Ruling Case Law, Vol. 8, p. 83; Ex parte Heidingsfelder, 84 Texas Crim. Rep., 206; Ex parte Snodgrass v. State, 43 Texas Crim. Rep., 365; Holden v. State, 44 Texas Crim. Rep., 383; Herring v. State, 42 S. W. Rep., 301.

The Supreme Court in another state has said:

"Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for. The privilege of the presence of counsel upon the trial would be a poor concession to the accused if the right of consultation with such counsel prior to the trial was denied. To give life and effect, therefore, to the provision of the Constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial." (People ex rel. Burgess v. Risley, 1. N. Y. Crim. Rep., 492; 44 L. R. A. (N. S.), P. 1083, note.)

On this subject, this court has said:

"It is not necessary that the party desiring counsel should be preparing a defense against some accusation after an indictment found or after arrest. The statute is broader and fully comprehends every possible situation in which an accused person or person under arrest or not under arrest desire to consult with counsel, or communicate with counsel, or obtain advice or services of counsel in the protection of his rights, or even supposed legal rights." (Hamilton v. State, 68 Texas Crim. Rep., 427; 153 S. W. Rep., 336.)

While one accused of crime is charged with diligence in the preparation of his case for trial, the failure to prepare cannot be laches when it is due to the action of the officer who has charge of the prisoner in denying the privilege of consultation with his counsel. Reasonable opportunity to prepare for trial cannot be justly denied. Valigura v. State, 68 Texas Crim. Rep., 12; Mapes v. State, 14 Texas Crim. App., Rep., 129; Corpus Juris, Vol. 16, p. 482.

The demand of the Constitution that one accused of crime shall be accorded the benefit of counsel is not satisfied when the officer having the prisoner in custody requires that he be present at the interview. The law contemplates a private and confidential communication between the attorney and client. It seals the mouth of the attorney. His client may freely disclose to him all pertinent matters, but if they are heard by the sheriff, his mouth is not sealed. A communication ceases to be privileged when uttered in the presence of a third party. The insistence in the instant case that the sheriff be present amounts to a denial of the privilege guaranteed by the Constitution.

Upon this subject, the Court of Criminal Appeals in the State of Oklahoma has said:

"Therefore, if parties in prison and charged with crime are compelled to consult their attorneys in the presence of an officer or officers of the law, the very object and purpose of the Constitution and of the statute would be defeated, because such officer or officers could testify as to any statements passing between such defendants and their attorneys, or could otherwise disclose such secrets against the will and to the injury of such defendant. This alone could render such consultations a miserable and contemptible farce. It therefore necessarily follows that it is the absolute right of parties charged with crime to consult privately with their attorneys, and that it is an illegal abridgment of his right for a sheriff, jailer or other officer to deny to a defendant the right to consult his attorneys, except in the presence of such officer. We think that this question is too plain for argument, and that the statement of the proposition amounts to its demonstration.

It is the duty of officers having the custody of persons charged with crime to afford them a reasonable opportunity to privately consult with their attorneys, without having other persons present, taking such precautions as may be necessary, according to the circumstances of each case, to prevent the escape of such prisoner.

It matters not what the officers may think of the guilt of a defendant, the law presumes that he is innocent until his guilt has been legally pronounced by an impartial jury in a fair trial. It matters not how humble, poor, or friendless he may be, or how strong and influential the feeling against him, it is his absolute right to have a fair opportunity to prepare for trial and to present his defense. The law is not hunting for victims or seeking to offer up vicarious atonements. Punishment should never be inflicted as such before a conviction, and there should be no conviction, unless it be legally established to the satisfaction of the jury, beyond a reasonable doubt, that the defendant is guilty of the crime charged against him. No attempt to railroad any man to the penitentiary or to the gallows, it matters not how guilty he may be, should for one moment be tolerated by any court. If a defendant cannot be convicted without denying him a

reasonable opportunity to prepare for trial, and a fair trial, he should not be convicted at all. Any other rule would make a myth of justice and a snare and a delusion of courts.'' (State ex rel Tucker v. Davis, et al., 9 Okla. Crim. Rep., 99).

In the instant case, from the time of their incarceration until the day before the trial, the appellants were, by the officer who had them in custody, denied the privilege of a conference with their counsel as contemplated by the laws of the land. When they finally had the opportunity of revealing to their counsel that there was evidence which would support their testimony to the effect that they were innocent, their motion to postpone the trial for a reasonable time was a request which, under the facts, in our judgment, the trial court was not warranted in refusing.

The failure to grant the motion was error; because of which the judgment of conviction is reversed and the cause remanded.

*Reversed and remanded.*