[Crim. No. 5270. In Bank. Dec. 19, 1951.]

In re AUDREY NADINE OCHSE, on Habeas Corpus.

Harold R. Haberkorn and Theo. G. Krumm for Petitioner.

Lowell E. Lathrop, District Attorney (San Bernardino), and Daniel J. Cowett, Deputy District Attorney, for Respondent.

GIBSON, C. J.—Petitioner is confined in the San Bernardino County Jail charged by information with the crimes of murder and assault with intent to murder. She entered pleas of not guilty and not guilty by reason of insanity, and her attorneys employed a licensed physician, who is a psychiatrist, to examine her and to advise them with respect to her sanity. At the direction of petitioner's attorneys, the psychiatrist went to the jail to make the examination, but the sheriff refused to permit him to examine her in private and informed him that he could conduct the examination only in the presence of alienists appointed by the court. Petitioner refused, upon advice of counsel, to submit to examination by court-appointed psychiatrists.

In a proceeding for habeas corpus, the superior court made an order permitting any alienist selected by petitioner to examine her, but only "in conjunction with" the psychiatrists appointed by the court. Thereafter application was made to this court for a writ of habeas corpus, and we ordered the sheriff to show cause why an alienist chosen by petitioner's attorneys should not be permitted to examine her in private.

■ A fundamental part of the constitutional right of an accused to be represented by counsel is that his attorney must be afforded reasonable opportunity to prepare for trial. (*Powell* v. *Alabama*, 287 U.S. 45, 71 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527] ; *People* v. *Sarazzawski*, 27 Cal.2d 7, 17 [161 P.2d 934].) To make that right effective, counsel is obviously entitled to the aid of such expert assistance as he may need in determining the sanity of his client and in preparing the defense. (*Cf.* Pen. Code, § 1027.) ■ Adequate legal representation, of course, requires a full disclosure of the facts to counsel, and in order to assure that a client may safely reveal all the facts of his case to his attorney, the law has long recognized the need for secrecy with respect to communications between them. (See *City & County of San Francisco* v. *Superior Court*, 37 Cal.2d 227, 235-236 [231 P.2d 26] ; 8 Wig-

more on Evidence [3d ed., 1940] 550 et seq.) In applying this principle it has been held that an accused person in custody of the law is entitled to consult with his attorney in private, without the presence of the sheriff or other representatives of the state. (*In re Qualls*, 58 Cal.App.2d 330 [136 P.2d 341]; *In re Snyder*, 62 Cal.App. 697 [217 P. 777]; *In re Rider*, 50 Cal.App. 797 [195 P. 965]; *State* v. *Davis*, 9 Okla.Crim. 94 [130 P. 962, 963-964, 44 L.R.A.N.S. 1083]; *Turner* v. *State*, 91 Tex.Crim. 627 [241 S.W. 162, 163-164, 23 A.L.R. 1378]; see 14 Am.Jur. 885-886.) For the same basic reasons of policy, the client is accorded a privilege against disclosure of private conversations with his attorney. (Code Civ. Proc., § 1881, subd. 2; *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 517, 525-526 [47 P. 364]; see 8 Wigmore on Evidence [3d ed., 1940] 550 et seq.)

The right of private consultation has been held to include interviews through an interpreter chosen by accused where the services of an interpreter are required. (*Louie Yung* v. *Coleman*, 5 F.Supp. 702; see *People* v. *Larrios*, 220 Cal. 236, 249-250 [30 P.2d 404].) This court has also held that where medical advice is required to interpret a client's condition to his attorney, the information discovered upon a private examination of the client by a physician employed by the attorney falls within the scope of the rule protecting communications between attorney and client. (*City & County of San Francisco* v. *Superior Court*, 37 Cal.2d 227 [231 P.2d 26] [holding that the physician could not be compelled to testify with respect to his examination].) ▋ Since the same general policy underlies both the right to consultation in private and the privilege against disclosure, it follows that where, as here, petitioner's attorney requires a psychiatrist's aid in interpreting her mental condition, she is entitled to have the psychiatrist examine her in private.

▋ There is, however, no showing that the information under which she is charged is insufficient or that she cannot properly be held for trial if she is afforded the relief discussed above. Accordingly, the order to show cause is discharged (see *In re McCoy*, 32 Cal.2d 73, 76-77 [194 P.2d 531]), and the sheriff is directed to allow a private examination of petitioner by an alienist or alienists selected by petitioner or her counsel.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.