[L. A. No. 25328. In Bank. May 5, 1959.]

HAROLD D. CORNELL, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

Harold D. Cornell, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney (San Diego), and William H. Low, Deputy District Attorney, for Respondent.

PETERS, J.—Harold D. Cornell, attorney for Paul Le Claire Conrey, by this petition for mandamus, seeks to compel the San Diego Superior Court to permit him to examine his client with the aid of a hypnotist. Cornell requested the sheriff to permit him and the hypnotist to examine Conrey in available accommodations in the county jail. The sheriff refused. The superior court of the county denied a motion to compel the sheriff to grant the request. This mandamus proceeding was then instituted.

Cornell contends that the lower court's refusal to grant the requested order was an abuse of discretion, and violated Conrey's constitutional right to consult with his counsel in preparation of his defense. These contentions are meritorious.

The record shows that Conrey is presently in the county jail charged with a murder which he is alleged to have committed on the night of October 1, 1958, or in the early morning of the next day.

Cornell avers that he has made a diligent effort to examine his client; that he believes that Conrey is anxious to assist him in the defense of the case but because of "intoxication, shock, or otherwise" is unable to remember his whereabouts and activities during the critical time involved; that Cornell has been able to ascertain only that Conrey was wandering from bar to bar in an intoxicated condition during the time the alleged crime was committed; that Cornell has made an independent investigation of Conrey's whereabouts and activities during this period without satisfactory results.

It is next averred that Cornell has been advised that recall of memory lost through intoxication, shock or passage of time may sometimes be induced by hypnosis, and that Cornell has observed one Richard N. Mikesell, a skilled and experienced hypnotist, successfully induce memory recall through hypnosis. Petitioner seeks to have Mikesell place Conrey under hypnosis for the purpose of trying to recall Conrey's memories of the time involved. Cornell avers that he believes this proposed hypnotic examination is essential to the proper preparation of a defense to the charge. Conrey has agreed to submit himself to such examination.

Mikesell avers that he is a practicing demonstrator and teacher of the art of hypnotism and that he has been engaged in such activity for the past 14 years; that he has had a "great deal of success" with hypnotic "recession recall wherein the subject is unable to recall memories by reason of shock, amnesia, intoxication or the passage of time by voluntary recall and that under hypnotic influence recall of memories is induced and the subject is able to relate in detail incidents and activities which he was unable to recall voluntarily . . ."; that he is of the opinion that defendant Conrey would prove a responsive subject to hypnotic influence and that such "recession recall under hypnosis appears to promise the revelation of much information which Mr. Cornell desires."

As already pointed out, the sheriff refused to permit the proposed examination, and the trial court denied Cornell's motion for an order directing the sheriff to grant the request. This mandamus proceeding was then instituted.

Respondent argues that the writ should not issue for the

reason that such an examination could be of no assistance to petitioner or to his client because any statements made by Conrey during such an examination would not be admissible at the trial. Such cases as *People* v. *Ebanks*, 117 Cal. 652 [49 P. 1049, 40 L.R.A. 269], upholding the trial court's refusal to admit statements made by a defendant while hypnotized; *People* v. *Jones*, 42 Cal.2d 219 [266 P.2d 38]; and *People* v. *McNichol*, 100 Cal.App.2d 554 [224 P.2d 21], involving the admissibility of evidence gained by use of a so-called truth serum; and *People* v. *Wochnick*, 98 Cal.App.2d 124 [219 P.2d 70]; *People* v. *Porter*, 99 Cal.App.2d 506 [222 P.2d 151]; *People* v. *Carter*, 48 Cal.2d 737 [312 P.2d 665]; *People* v. *Schiers*, 160 Cal.App.2d 364 [324 P.2d 981, 329 P.2d 1], involving admissibility of statements secured during lie detector tests, are cited.

These cases have no application to the problem here presented. They all deal with the admissibility of evidence. Admissibility of any evidence that may be secured during such an examination is not the question here presented. ■ Cornell is now seeking to learn facts that may be of assistance in preparing for the defense of the crime charged. He wants to ascertain, if possible, the accused's whereabouts on the night in question. His hope, of course, is that he may learn of a bona fide alibi. Whether the evidence so secured would or would not be admissible is a false factor. Obviously, it is reasonably possible that evidence so secured, whether or not it is admissible, may put Cornell in possession of facts which, when followed up, would result in the discovery of admissible evidence that might constitute a complete defense to the charge. This being so, Cornell, with the consent of his client, is entitled to conduct the proposed examination. ■ Article I, section 13 of the Constitution confers upon a defendant the right to counsel. (*In re Levi*, 39 Cal.2d 41 [244 P.2d 403]; *In re Roberts*, 40 Cal.2d 745 [255 P.2d 782].) This right includes the right of the accused to consult with his counsel before trial in order that the accused and his attorney may present a proper defense. (*Powell* v. *Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; *People* v. *Sarazzawski*, 27 Cal.2d 7 [161 P.2d 934]; *People* v. *Boyden*, 116 Cal.App.2d 278 [253 P.2d 773]; *People* v. *Mattson*, 51 Cal.2d 777 [336 P.2d 937].) Without such a privilege the constitutional right to counsel would be a sham. If the attorney is not given a reasonable opportunity to ascertain the facts surrounding the charged crime so he

can prepare a proper defense, the accused's basic right to effective representation would be denied. (*People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246]; *In re Ochse,* 38 Cal.2d 230 [238 P.2d 561].)

██ The basic right involved is not limited simply to meetings between the client and his counsel. If necessary, third persons may accompany counsel during his consultations with his client. Thus, where an interpreter is needed so that the two may communicate, he may be present at such interviews. (*People* v. *Larrios,* 220 Cal. 236 [30 P.2d 404].) It has also been held that the attorney may be accompanied by a psychiatrist during such consultations where a possible issue of sanity may be involved. (*In re Ochse,* 38 Cal.2d 230 [238 P.2d 561].) In that case, at page 231, it is stated: "A fundamental part of the constitutional right of an accused to be represented by counsel is that his attorney must be afforded reasonable opportunity to prepare for trial. [Citing cases.] To make that right effective, counsel is obviously entitled to the aid of such expert assistance as he may need in determining the sanity of his client and in preparing the defense. (*Cf.* Pen. Code, § 1027.)"

The use of hypnotism for the purpose desired is recognized by medical authorities. (Encyclopedia Britannica, 1954 edition, vol. 12, pp. 22-24.) This being so, the rationale of the Ochse case is applicable. There is no substantial legal difference between the right to use a hypnotist in an attempt to probe into the client's subconscious recollection, and the use of a psychiatrist to determine sanity.

██ In the request filed in the superior court, Cornell prayed that the requested examination be conducted in the sheriff's interrogation room "under the surveillance of officers from the San Diego County Sheriff's Office." The petition for the present writ does not so limit the request. In the absence of a waiver by the client, such limitation is not proper. The right to consultation with counsel means the right ·of private consultation without the presence of law enforcement officers. (*In re Ochse,* 38 Cal.2d 230 [238 P.2d 561]; *In re Qualls,* 58 Cal.App.2d 330 [136 P.2d 341]; *In re Snyder,* 62 Cal.App. 697 [217 P. 777]; see Notes 23 A.L.R. 1382; 54 A.L.R. 1225; see cases collected 14 Cal.Jur.2d 398, § 163.)

██ For the foregoing reasons, it must be held that, as a matter of law, the trial court abused its discretion in refusing to permit the requested examination. Mandamus is the

proper remedy to correct the situation. (*Sharff* v. *Superior Court*, 44 Cal.2d 508 [282 P.2d 896].)

It is ordered that the writ of mandamus issue requiring the trial court to issue an order to the sheriff permitting the petitioner to examine the accused with the aid of a hypnotist. The order shall further provide that such examination be conducted in private unless the accused waives that right.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.