LEO B. FLAHERTY, JR. *v.* WARDEN OF CONNECTICUT STATE PRISON

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 9—decided April 26, 1967

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellant (defendant).

*Leo B. Flaherty, Jr.,* for the appellee (plaintiff Saia).

THIM, J.  On January 21, 1966, Anthony J. Saia, a prisoner confined in the state prison, filed an application with the Superior Court, requesting the appointment of counsel to represent him in a habeas

corpus proceeding. On January 26, the court appointed the petitioner, a practicing attorney, to represent Saia. Practice Book § 472D. The court instructed the petitioner to consult with Saia at the prison with reference to the application. At regular visiting hours, the petitioner went to the prison and requested that he be allowed to confer with Saia. Permission was granted the petitioner to confer with Saia in a visiting room, approximately fifty-six feet by thirty-nine feet in size, which is provided for prisoners to see visitors and attorneys. For security reasons there were, as usual, two guards in this room. The guards were in a position to overhear any conversation carried on in normal tones between the petitioner and Saia. Saia, therefore, refused to talk with the petitioner in the visiting room because he could not communicate with him privately. Petitioner then sought permission to use one of two small private rooms located at one end of the visiting room which have clear window glass between them and the visiting room and which the defendant permits state's attorneys, state police officers and parole officers to use for private consultations with prisoners. Permission to use either of these rooms was refused on the ground that the proposed use would be contrary to prison regulations. Whether those were regulations adopted by the state prison directors pursuant to § 18-3 of the General Statutes or were established by the defendant himself is not disclosed by the finding. Claiming that the defendant prevented Saia from privately consulting with the petitioner, the petitioner instituted the pending habeas corpus action.

From the foregoing facts, the court concluded that, in refusing to accord Saia and his attorney

an opportunity to engage in a private conversation, the defendant prevented Saia from exercising a constitutional right, and that habeas corpus was a proper remedy to enforce that right. Judgment was rendered discharging Saia from custody unless, within a reasonable period of time, the defendant afforded Saia and his attorney an opportunity to converse privately in a room without the presence of any other person who could overhear the conversation. From the judgment the defendant appealed, claiming that the court erred in concluding that Saia had a constitutional right to confer privately with his attorney and in concluding that the petitioner pursued a proper remedy.

The right to be represented by one's counsel in a proper postconviction proceeding is an integral and indispensable part of due process of law. A consultation is obviously necessary to enable the attorney to gain information so that he can properly advise his client. The right to consult with one's counsel includes the right to consult without being overheard, although under proper security safeguards. *Coplon* v. *United States,* 191 F.2d 749, 757–60 (D.C. Cir.); *Cornell* v. *Superior Court,* 52 Cal. 2d 99, 103, 338 P.2d 447; *In re Snyder,* 62 Cal. App. 697, 699, 217 P. 777; *Thomas* v. *Mills,* 117 Ohio St. 114, 123–25, 157 N.E. 488; see note, 5 A.L.R.3d 1360, 1367–70.

The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 627, 124 A.2d 886. Where a person is confined pursuant to a judgment, the validity of his detention under that judgment is the proper issue to be determined. *Perell* v. *Warden,* 113 Conn. 339, 342, 155 A. 221. Ordinarily,

the writ is not available for any other purpose. 39 C.J.S. 428, Habeas Corpus, § 4 (a). The petition for the writ must allege facts supporting a claim of illegal confinement. *Mayock* v. *Superintendent, Norwich State Hospital,* 154 Conn. 704, 705, 224 A.2d 544. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. See *McNally* v. *Hill,* 293 U.S. 131, 139, 55 S. Ct. 24, 79 L. Ed. 238.

Saia is confined in prison pursuant to a judgment. The petitioner is attacking the legality of a prison regulation rather than the validity or interpretation of that judgment. Since the regulation does not concern the legality of Saia's detention, its validity cannot properly be reviewed by habeas corpus, and the court was in error in deciding otherwise. Ibid.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the writ.

In this opinion the other judges concurred.