**Audrey WALKER, Petitioner-Appellant,**

v.

**Martha WHEELER, Superintendent, Respondent-Appellee.**

No. 18884.

United States Court of Appeals
Sixth Circuit.

May 27, 1969.

James R. Willis, Cleveland, Ohio, for petitioner-appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee; Paul W. Brown, Atty. Gen. of Ohio, on brief.

Before PECK and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the District Court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (1948). A number of constitu-

tional issues are presented, but we reach only the question whether in this case the District Court is precluded from considering the validity of one of appellant's convictions because the sentence imposed is concurrent with, and identical to, a sentence on a later conviction, the validity of which has not been successfully attacked.

Appellant was convicted of a narcotics offense in the state court on December 19, 1960, and sentenced to a term of ten to twenty years in the Ohio Reformatory for Women. In December, 1961, she was convicted on other counts that were related to the original narcotics conviction, but which had been severed from the original indictment. These later convictions resulted in sentences of ten to twenty years, to run concurrently with the sentence on the first conviction, and twenty to forty years, to run consecutively to that sentence.

Appellant attacks her first conviction on the ground that she was denied an appeal because of the state trial court's erroneous determination that she was not indigent and therefore entitled to the costs of a bill of exceptions. The state court apparently based its finding on the fact that appellant's paramour and codefendant, Yancey Wilson, had paid for her trial counsel and could afford to furnish her a bill of exceptions.

■ The District Judge declined to consider appellant's contention despite the state court's unsatisfactory reason for finding her not indigent. Relying on McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), and Coleman v. Maxwell, 387 F.2d 134 (6th Cir. 1967), he held that since appellant's second conviction had not been successfully attacked and the sentence on that conviction was concurrent with, and identical to, the sentence on the first conviction, he did not have to consider the validity of the confinement pursuant to the first conviction.

Subsequent to the District Judge's consideration of this case, the Supreme Court overruled McNally in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). This decision would seem also to erode *Coleman*, at least to the extent that in this case the District Judge should consider appellant's contentions concerning her first conviction.

■ Appellee's contention that *Peyton* is distinguishable because under Ohio law appellant's eligibility for parole is unaffected by the existence of her second conviction is unpersuasive. It is unlikely that in practice parole is granted as readily to a person serving concurrent sentences on several convictions as to one serving a sentence for a single offense. *See* Williams v. Peyton, 372 F.2d 216, 220 (4th Cir. 1967).

The decision of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.