[No. 2171-3. Division Three. September 28, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY S. CUNNINGHAM, *Appellant.*

*Nels A. Hansen* and *Collins & Hansen,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

MUNSON, C.J.—On October 21, 1976, the jury returned verdicts finding defendant, Gary Cunningham, guilty of second–degree burglary and attempted second–degree arson. He appeals the trial court's failure to dismiss either on the grounds that he was denied his right to speedy trial or that the State's lack of cooperation resulted in a denial of his right to counsel and his right to participate in his own defense. We affirm.

In 1969, while the defendant was in the Navy, he was struck in the back of the head by a 50–pound weight falling approximately 300 feet. This blow resulted in a cyst forming in his brain, causing him to be subject to seizures and requiring that he take medication to control these seizures. The defendant's first marriage, to which two children were born, ended in divorce March 28, 1975. After the divorce, apparently considerable friction developed between defendant and his former wife over the defendant's visitation rights. This friction ultimately resulted in the defendant being charged with assault upon his former wife, to which he pleaded guilty.

On October 12, 1975, the defendant and his present wife returned to Moses Lake for sentencing on that assault charge. Upon arriving in Moses Lake, he proceeded to his former wife's home, intending to see his children, but no one was there. Later that morning, he talked with police, demanding that he be allowed to see his children; the police told him to call his attorney. Mid–morning the police were summoned to his former wife's residence, where they found the defendant inside the residence, threatening to burn it unless he was allowed to see his children. There was a strong odor of gasoline in the house, and the defendant was holding a cigarette lighter. After a 2–hour confrontation, the defendant was enticed from the house and forcibly arrested.

Thereafter, the following events occurred:

10/14/75 An information was filed charging the defendant with second–degree burglary, attempted second–degree arson, and possession of a firearm.[1] The defendant was arraigned on these charges and bail was set.

10/17/75 The defendant was sentenced to a state correctional institution on the second–degree assault guilty plea previously entered. Defendant had attempted to stay the sentencing, but the trial court imposed the sentence and ordered a stay of the proceedings and the defendant to be transported to the Veterans Hospital in Spokane to receive a psychiatric and medical examination. The defendant was so transported, but the Veterans Hospital refused to examine the defendant because he was a sentenced felon.

10/24/75 Entry of order quashing the stay of proceedings and ordering the defendant to be transported to the state correctional institution and that he was to be afforded the proper medical and psychiatric examination.

10/24/75 Entry of defendant's plea of not guilty to the arson and burglary charges.

10/31/75 Entry of order setting trial date as 12/8/75.

12/5/75 Pursuant to defendant's motion for continuance in order the defendant be able to obtain the necessary medical and psychiatric examination, entry of order of continuance with 12/19/75 set as the trial setting date.

12/19/75 Trial setting hearing conducted. Defendant's attorney explained the difficulty he had been encountering obtaining an examination for the defendant, stated that he anticipated an examination during January of 1976, and predicted that he would be ready for trial the end of January or in February 1976. *The court instructed*

---

[1]The possession of firearm charge was later dismissed.

*the defense attorney to notify the prosecuting attorney when the examination was completed so that the prosecuting attorney could note the case for trial.*

2/11/76 Trial set for May 26, 1976.

5/18/76 Entry of order denying defendant's motion for dismissal because of lack of speedy trial. Defendant asserted that his request for a continuance in December was not justification for the trial being set as late as May 1976.

5/26/76 Pursuant to defendant's motion for continuance to allow defendant to obtain the necessary medical and psychological exam, entry of order granting continuance until 8/9/76.

8/4/76 Pursuant to defendant's motion for continuance on grounds that medical examination was scheduled for 8/10/76, entry of order continuing trial to 10/19/76.

10/18/76 Entry of order allowing the defendant to retrieve the papers necessary for his defense from the prison in Walla Walla.

10/19/76 Entry of order denying defendant's motion to dismiss. The defendant had contended that the record failed to state the reasons why the court on February 11, 1976, set the trial date as May 26, 1976. Entry of order granting continuance until 10/20/76 to allow the defendant to obtain medication so that he could participate in his defense in the trial.

10/20/76 Trial commenced.

10/21/76 Guilty verdict returned on both counts.

### FAILURE TO MAKE A RECORD JUSTIFYING EXTENDED TRIAL SETTING ON FEBRUARY 11, 1976

The defendant correctly states the interpretation of CrR 3.3 that when a continuance is granted extending the time of trial beyond the time periods of the rule and the record does not state the reasons for the extension, the defendant

is entitled to a dismissal. *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976); *State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Walker,* 16 Wn. App. 637, 557 P.2d 1330 (1976); *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975).

The absence of any notation in the record provides the defendant with his argument for dismissal. The uncertainty of whether a record of the February 11 proceeding was made, was lost, or was eradicated is all that is necessary under the cases cited to allow the defendant to move for a dismissal. It is imperative that the trial court insure that a record is made of any matter considered in a criminal case. Had that been done here, the primary issue on this appeal would have been eliminated.

During the trial setting hearing conducted December 19, 1975, the defense attorney explained the difficulties he had encountered in obtaining a mental examination of the defendant, stated he anticipated obtaining such an examination during January 1976, and that he would probably be ready for trial the end of January or during February 1976. In the ensuing discussion, the following comments were made:

[DEFENSE ATTORNEY]: So, I have some difficulties, and I don't know when I can be ready to try the case. As yet I am still trying to determine the mental capacity of the man. And I think that waives the requirement that he be tried within a certain period of time—or at least we exclude that from this time period. . . .

. . .
[DEFENSE ATTORNEY]: I am not sure when we commenced this period. But, as of now I would consider that period stayed. . . .

THE COURT: I understand. Are you in a position to waive the speedy trial rule?

[DEFENSE ATTORNEY]: Well, as long as we are having the mental examination I think it is stayed. But, as soon as I get that back, then it wouldn't be stayed any longer.

Thereafter, the defense attorney agreed that he would inform the prosecuting attorney when the examination had been completed so that the prosecuting attorney could set the case for trial.

The record is void of any such communication. In fact, the defendants made additional requests for continuance (in May and August of 1976) because no examination had been conducted. It is evident he did not receive the mental examination until at least August 10, 1976. The continuance until the defendant obtained the mental examination granted in December 1975, in conjunction with three subsequent continuances,[2] granted at his request, constituted a waiver of the defendant's right to speedy trial until the trial date October 20, 1976. CrR 3.3(d)(1); CrR 3.3(e)(1).

■ Furthermore, implicit in this record of defendant's difficulty in obtaining the mental examination is the conclusion that he was not prepared to proceed to trial without that examination. This fact was confirmed by defense counsel at oral argument before this court. Counsel can properly waive the provisions of CrR 3.3 under those circumstances for the benefit of the defendant. *Cf. State v. Franulovich*, 18 Wn. App. 290, 567 P.2d 264 (1977).

Thus, by excluding the time awaiting a mental examination,[3] the defendant was brought to trial within the 90–day speedy trial period.[4] Defendant's claim that he was denied his right to speedy trial is without merit.

[2]The May 26, 1976, continuance; the August 4, 1976, continuance; and the October 19, 1976, continuance.

[3]October 17–24, 1975—stay for examination at Spokane Veterans Hospital; December 5, 1975, until trial date set for October 18, 1976—allow defendant's mental examination; October 19, 1976—additional continuance requested by defendant. Thus, this case is distinguished factually from *State v. DeLong*, 16 Wn. App. 452, 557 P.2d 14 (1976), in that here attempts to determine defendant's competency were in process.

[4]Since the defendant was incarcerated on a previous conviction, the 90–day, rather than the 60–day, time period is applicable. CrR 3.3; *State v. Hanson*, 14 Wn. App. 625, 544 P.2d 119 (1975); *State v. O'Neil*, 14 Wn. App. 175, 540 P.2d 478 (1975); *accord, State v. Keith*, 86 Wn.2d 229, 543 P.2d 235 (1975).

STATE'S LACK OF COOPERATION DENIED DEFENDANT
HIS RIGHT TO EFFECTIVELY PARTICIPATE
IN HIS OWN DEFENSE

This assignment of error is based upon (1) the State Department of Institution's interference and lack of cooperation resulting in the delay of his mental examination until August of 1976, thus depriving his counsel of the aid and advice of a necessary expert, *i.e.*, a psychiatrist; and (2) the prison officials' refusal to allow the defendant to take with him his personal papers and medication when he was transported f?r trial, thus depriving him of his right to participate in his own defense.

 There is no evidence that the delay in the defendant's mental examination prejudicially affected the defense attorney's preparation of the case. A defendant is entitled to his right to counsel, including the allowance of sufficient opportunity for his counsel to prepare for trial. *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A.L.R. 527 (1932); *State v. Burri*, 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Cory*, 62 Wn.2d 371, 382 P.2d 1019, 5 A.L.R.3d 1352 (1963). This right to counsel may include defense counsel being given the opportunity to obtain the advice of experts, including psychiatrists. *See In re Ketchel*, 68 Cal. 2d 397, 438 P.2d 625, 66 Cal. Rptr. 881 (1968); *Cornell v. Superior Court*, 52 Cal. 2d 99, 338 P.2d 447, 72 A.L.R.2d 1116 (1959); *Ex parte Ochse*, 38 Cal. 2d 230, 238 P.2d 561 (1951). Although we cannot condone the actions of the State Department of Institutions in this case,[5] there is no evidence that these actions were prejudicial to the defense attorney's preparation of the case. *State v. Burri, supra.*

Neither the postponement of the trial an additional day to allow the defendant to obtain his necessary medication or the prison officials' initial denial of defendant's request

---

[5]In the event that a court-ordered examination appears to be unduly delayed, the court may consider issuing a show cause order requiring the proper officials to come before the court and explain the necessity for delay.

to transport his personal papers to trial were sufficient to constitute a denial of his right to participate in his own defense. The facts are that he was able to obtain his personal papers, that they were available for use at trial, and that he was able to obtain the necessary medication so that he could function properly at trial. The state institution's refusal to send the defendant's medication with him when he was transported for trial is not analogous to the forced administration of drugs in *State v. Maryott,* 6 Wn. App. 96, 492 P.2d 239 (1971). The defendant admits that, because of the blow he received on the head in 1969, it was necessary for him to take medication to control his seizures. However, there is no evidence that this medication changed since the incident October 12, 1975, or that the defendant at that time should have been receiving different medication. Therefore, such action did not constitute a denial of the defendant's right to participate in his own defense.

Moreover, the judicial branch should not necessarily be held accountable for the actions of the State Department of Institutions, a portion of the executive branch of government. *See Robinson v. Peterson,* 87 Wn.2d 665, 669, 555 P.2d 1348 (1976); *January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969); *State v. Christianson,* 17 Wn. App. 264, 562 P.2d 671 (1977).

Judgment is affirmed.

GREEN and MCINTURFF, JJ., concur.

Reconsideration denied November 2, 1977.

Review denied by Supreme Court May 12, 1978.