MARK ANTHONY CIARAMELIA *v.* CHARLES BROWNELL,
WARDEN, COMMUNITY CORRECTIONAL CENTER,
LITCHFIELD

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 28061
                      LITCHFIELD

Memorandum filed July 19, 1978

*Lane & Rosen,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Cornelius F. Tuohy,* assistant attorney general, for the defendant.

MISSAL, J.   The issue involved here is whether a writ of habeas corpus will lie to have warrants or detainers declared void and removed from the plaintiff's department of correction file if that removal will entitle him to participate in prisoner treatment and rehabilitation programs, including furlough privileges and parole.

The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 627. Where a person is confined pursuant to a judgment, the validity of his detention under that judgment is the proper issue to be determined. *Perell* v. *Warden,* 113 Conn. 339, 342. "Ordinarily, the writ is not available for any other purpose. . . . The petition for the writ must allege facts supporting a claim of illegal confinement. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." *Flaherty* v. *Warden,*

155 Conn. 36, 39–40. In *Dukuly* v. *Warden,* 34 Conn. Sup. 88, it was held (p. 92) that ". . . *Flaherty* does not mean that challenges to the legality of the confinement, other than those directed to the legality of the judgment, may not come within the purview of a petition for a writ of habeas corpus."

Thus, the conclusion to be drawn is that, today, a writ of habeas corpus may be directed either at the judgment or at the nature of the detention. Necessarily, however, the only rights with which the court is concerned are those founded in the constitution or thought to be of a substantial character. In short, the plaintiff should be deprived of only those rights which the law requires that he be deprived of for his crime. *Coffin* v. *Reichard,* 143 F.2d 443, 445 (6th Cir.).

This is a case of first impression in Connecticut. There is no case law in this state regarding the question of whether a right to furlough or to participate in a rehabilitative program is to be protected by a writ of habeas corpus. In *Walker* v. *Wheeler,* 411 F.2d 468 (6th Cir.), it was held that the right for a chance at parole was of a sufficient character to warrant a petition for habeas corpus. In *Walker,* the petitioner was allowed to attack the first of two convictions, the sentences of which were to run concurrently, despite the fact that the legality of the second conviction was unchallenged. The court found that the writ of habeas corpus should be entertained as it was unlikely that parole would be granted as readily to a person serving concurrent sentences as to one serving a sentence for a single offense. *Walker* v. *Wheeler,* supra, 469.

This court could find no other precedent broadening the scope of the writ of habeas corpus beyond the decision in *Walker.* Research revealed no case law which has held that the right to furlough or

to participate in rehabilitative programs was equivalent to nonconfinement, as parole is viewed in *Walker.*

Therefore, a writ of habeas corpus will not lie for the right to furlough or to participate in rehabilitative programs.

For those reasons, the petition is dismissed.