KENNETH W. SCHAFFER *v.* RICHARD M. STEINERT

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 299276
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed February 6, 1985

*Kenneth W. Schaffer,* pro se, the plaintiff.

*Richard T. Biggar,* assistant attorney general, and *Joseph I. Lieberman,* attorney general, for the defendant.

VASINGTON, J. The plaintiff, an inmate confined in Enfield Correctional Institute, alleges that on October 2, 1984, during a routine shakedown of his cell, certain items of personal property were confiscated by the officers on duty as contraband.

The plaintiff's petition for a writ of habeas corpus does not challenge the rules which define his property as contraband, but alleges a violation of his civil rights. He seeks a return of his property or to have it sent to his mother or payment of damages in the alternative. The defendant filed a motion to quash the petition on the ground that the petition does not state a cognizable ground for habeas corpus.

An application for a writ of habeas corpus, which lies to challenge illegal confinement or deprivation of liberty; General Statutes § 52-466 (a); is ordinarily unavailable for any purpose other than a determination of the legality of a prisoner's confinement. *Flaherty* v. *Warden,* 155 Conn. 36, 39–40, 229 A.2d 362 (1967). Therefore, petitions for writs of habeas corpus shall be dismissed when they attack aspects of prison procedure that do not constitute a challenge to the legality of the confinement. *Dukuly* v. *Warden,* 34 Conn. Sup. 88, 92, 377 A.2d 1344 (1977).

Since the plaintiff's petition challenges the prison's right permanently to deprive him of his personal property and not the legality of his confinement or the legality of the judgment which resulted in his confinement, the petition does not fall within the scope of a habeas corpus proceeding.

If, however, the quality and properties of the detention result in the deprivation of a prisoner's constitutional rights, in addition to the rights of which his sentence may constitutionally deprive him, doubts may be cast upon the legality of his confinement. *Dukuly* v. *Warden,* supra, 93.

In the present case, a permanent deprivation of property is an aspect of detention which the plaintiff's sentence may constitutionally impose on him. *Lowery* v. *Cuyler,* 521 F. Sup. 430, 433 (E.D. Pa. 1981). The plaintiff may seek payment or damages from the state of Connecticut pursuant to General Statutes §§ 4-141 and 4-147. Any filing fees may be waived pursuant to § 4-147.

For the reasons stated, the defendant's motion to quash is granted.