[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner William T. Evans brings this petition for habeas corpus alleging that his removal from his seven day janitorial job by the defendant warden was in violation of Due Process and Equal Protection of the law as afforded him under Section 10.1(5)(g) of the Department of Correction Administrative Directives. In May 1994 the petitioner requested and was given a job at the prison which allowed him to reduce his sentence by sixty days per year. It was a seven day per week janitorial job. On December 8, 1994 there was a prison work stoppage. As a result of that work stoppage the petitioner's janitorial job was taken away from him by the warden. The petitioner claims it was later proven that he had nothing to do with the work stoppage and consequently he alleges he should not have lost his prison job. He was reinstated to his janitorial CT Page 8 position in September 1995. As a result he lost fifty three days of credit he could have earned if he had worked in the position between December 8, 1994 and his reinstatement date in September 1995. The petitioner now wants said fifty three days credited to his records.
The Attorney General's Office on behalf of the warden has filed a motion to dismiss the petition for Writ of Habeas Corpus because it does not challenge the fact of the petitioner's confinement and because no one has a protected interest in any inmate job position.[1]
The issue present in this motion requires the court to determine whether a prisoner has a property interest or liberty interest in a prison position that allows him to earn credit time off his prison sentence. Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. Vincenzo v. Warden,26 Conn. App. 132 (1991). A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. Id. 135. Unlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or waiver. Id. Once the question of lack of jurisdiction of a court is raised," [it] must be disposed of no matter in what form it is presented. Id.
Connecticut General Statute § 18-98a provides in part:
 Each person committed to the custody of the commissioner of correction who is employed . . . for a period of seven consecutive days, . . . may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the commissioner of correction. (emphasis added).
It is obvious from the reading of this statute that whether a prisoner has time deducted from his sentence due to the fact that he has worked a prison job is completely discretionary with the Commissioner of Correction.
The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention. Flaherty v. Warden, 155 Conn. 36, 39 (1957). Ordinarily, the writ is unavailable for any other purpose. Id.CT Page 940. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchezv. Warden, 214 Conn. 23, 33 (1990).
The petitioner claims that the Warden by promulgating Prison Directives (Exhibit A) invested in the prisoners including the petitioner a vested right to prison jobs where a prisoner could earn time off his sentence for work. This court does not agree with this position.
Prison officials must have the ability to operate their prisons so that they can carry out the function for which they were created. When so doing they may deprive a prisoner of a privilege he previously was given, but just because they terminate that privilege does not mean that a liberty interest is involved and thus require a hearing under the Due Process Clause or the Equal Protection Clause. (See Meachum v. Fano,427 U.S. 215 (1976); (Transfer of inmate to another prison) Wolff v.McDonnell, 418 U.S. 539 (1974) (Prison disciplinary proceedings).
Not all state actions taken for punitive reasons encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation. Sandin v. Conner, 55 CCH S.Ct. Bull. 2894 (1995). The punishment of incarcerated prisoners effectuates prison management and prison rehabilitative goals. Id. 2895. Admittedly, prisoners do not shed all constitutional rights at the prison gate Wolff, 418 U.S. at 555, but [l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Id. 2896. This case differs from Santiago v. Commissioner of Correction,39 Conn. App. 674 (1995) because that case dealt with the loss of good time already earned or credited to the prisoner's (Floyd Johnson) sentence.
The petitioner does not allege that the loss of his janitorial job for a nine month period was cruel and unusual punishment. If he had the court would not have agreed with him. Cruel and unusual punishment encompasses more than barbarous physical punishment. Arey v. Warden, 187 Conn. 324, 328 (1982). It also includes punishments which involve the unnecessary and wanton infliction of pain. Id. This obviously is not present here.
After hearing the arguments of the parties and reviewing the CT Page 10 law on this subject matter the court finds that the petitioner does not have a property interest or liberty interest in the subject janitorial job even though that janitorial job provides him a method to reduce his sentence time. The loss of his janitorial position is not concerned with the legality of his confinement. For all of the above reasons the court grants the defendant's Motion to Dismiss.
William J. Sullivan, Judge