[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner in this habeas action alleges that on March 24, 1997 while, in the lockup at the Bridgeport courthouse he was beaten by Department of Correction officers. He further claims that at the time of this alleged beating he was shackled and that sheriffs who witnessed the failed to act to prevent it. The petitioner claims that as a result of this beating he has sustained loss of hearing in his left ear. In this pro se petition he further alleges that this action by the department officers amounts to cruel and unusual punishment in violation of his rights under Article 8 of the Constitution. The petitioner also states that he has commenced a civil rights action in the federal courts. The court assumes that this is pursuant to the Civil Rights Act of 1871, 421 U.S.C. § 1983.
The respondent warden has moved to dismiss this action claiming that the habeas court has no jurisdiction to entertain this action as a liberty interest is not at stake. Flahertyv. Warden, 155 Conn. 36 (1967). The respondent further points to language contained in the Supreme Court decision ofSanchez v. Warden, 214 Conn. 23 (1990) where the court stated:
. . . we await a more suitable occasion to decide whether the scope of habeas corpus should be broadened to include challenges to conditions of confinement when § 1983 may be a viable alternative for presenting the petitioner's claims. Id., 34-35.
The respondent reasons that "Because, to date, the Connecticut Supreme Court has not broadened the scope of habeas corpus to include such claims, this habeas petition should be CT Page 7561 dismissed." Memorandum of Law in Support of Motion to Dismiss, November 19, 1997, p. 5.
The court finds that the respondent has misinterpreted the dicta in Sanchez, in the context of this habeas. The petitioner has alleged that the beating constituted cruel and unusual punishment and further alleged a significant injury as a result. Our Supreme Court has recognized an exception to the limitations established in Flaherty on habeas corpus petitions for violations of the constitutional prohibition against cruel and unusual punishment. Arey v. Warden, 187 Conn. 324, 328
(1982). Cruel and unusual punishment is defined as the unnecessary and wanton infliction of pain or punishment that is grossly disproportionate to the crime. Id. The dicta in theSanchez case does not suggest that habeas relief is unavailable to a petitioner merely because the claimed acts may also form the basis of a § 1983 action. To interpret the dicta in Sanchez as the respondent does would effectively overrule the decision in Arey.
The court in considering a Motion to Dismiss must accept the facts set forth in the petition as true and construes them in a light most favorable to the petitioner. The court finds the petition sufficient to fall within the subject matter jurisdiction of this court. The motion to dismiss is denied.
ZARELLA, J.